**LEE, et al v. BAUER.**

Circuit Court, Dade County.

January 26, 1954.

William J. Pruitt, Miami, for plaintiffs.

Idus Q. Wicker of Wicker, Brown & Smith, Miami, for defendant.

VINCENT C. GIBLIN, Circuit Judge.

By my order of January 13, 1954, of which counsel for the plaintiffs had due notice, the attorneys for the parties were directed to appear before me in my chambers today, at nine o'clock in the forenoon, for a pre-trial conference (pursuant to common law rule 16).

At the scheduled time the court reporter, whom I had engaged to stenographically record the proceedings and to transcribe the minutes of the scheduled conference, was in attendance; and Idus Q. Wicker, Esq., of counsel for the defendant, was present.

In the mentioned order (so that the purposes of the scheduled conference might be accomplished) I requested that each party be represented by the attorney who expects to conduct the trial of the case and that such attorney be vested with full authority to make disclosure of facts, to admit and to stipulate as to undisputed facts and to waive technical requirements for admission of documents and other proofs if such waiver should not prejudice any substantial right of the client.

The attorney for the plaintiffs, William J. Pruitt, Esq., did not appear before me as directed by the mentioned order. At his request John J. Hurtak, Esq., an attorney of this court, appeared before me. Mr. Hurtak, however, is not counsel for either plaintiff and has not been engaged or retained as associate counsel. He has no knowledge of, or information as to, the facts which the plaintiffs expect to prove at the trial, and, as he frankly admitted to me, is utterly ignorant of the plaintiffs' case. He has no authority to make any disclosures or admissions, or to enter into any stipulations, or to waive any requirements for the admission of proofs.

No excuse for Mr. Pruitt's failure to appear has been advanced; and his absence rendered it impossible to have the scheduled conference.

If the court's orders of the character of that here involved are to be disobeyed or ignored with impunity the efficacy of the procedural system contemplated by our rules will be seriously impaired. The successful and efficient operation of the system depends, I think, on the judge's firm and resolute control and direction of the litigation assigned to him for disposition and his determination to surmount the obstacles placed in his path by negligent, careless or

slothful lawyers. I know of no method of achieving the desired and needed result other than the imposition of sanctions when the circumstances warrant such action. I am not disposed, however, to visit the sin of the attorney on the clients in this action unless the penalties imposed by this order shall not be paid by the attorney.

For the reasons stated Mr. Pruitt is required to pay, within three days after the entry of this order, to the clerk of this court a fine of $25, which, when paid, shall be deposited by the clerk in the fine and forfeiture fund of Dade County; and such attorney is further required to pay, within three days after the entry of this order, to the clerk of this court, for the use and benefit of the mentioned reporter, an attendance fee of $10.

Should the penalties imposed by this order not be paid within the time prescribed, this acction will be dismissed at the cost of the plaintiff Louis M. Lee.

Ordered in chambers (on the court's own initiative) January 26, 1954.

*It is hereby certified that on January 26, 1954, a true copy of the foregoing order was mailed to each of the following named attorneys of record: William J. Pruitt, 605 Security Building, Miami 32, Florida; and Wicker, Brown and Smith, 1612 Congress Building, Miami 32, Florida.*

*January 26, 1954.*

E. B. LEATHERMAN, *Clerk.*

*By* L. A. MOORE, *Deputy Clerk.*

*S E A L*